UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| CARLOS BRITO, Individually, | : : | Case No.: |
| Plaintiff, | : : | |
| v. | : : : | |
| CARLOS GIL JR., an Individual, MARIA ELENA GIL, an Individual, and MIAMI FUNERAL SERVICES & CREMATORIES, INC., d/b/a National Funeral Homes, a Florida for profit Corporation, | : : : : : : | |
| Defendants. | : : | |
| _____/ | | |

**COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF**

Plaintiff, CARLOS BRITO, (hereinafter "Plaintiff"), hereby sues the Defendants, CARLOS GIL JR., an Individual, MARIA ELENA GIL, an Individual, and MIAMI FUNERAL SERVICES & CREMATORIES, INC., d/b/a National Funeral Homes, for injunctive relief, attorneys' fees, litigation expenses and costs, for failing to make its facilities accessible to Americans with disabilities in violation of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. ("ADA") and alleges as follows:

**JURISDICTION& VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff's claim is authorized by Title 42 U.S.C. §§ 12181, 28 U.S.C. §§ 2201 and 2202.

3. This Court has pendant jurisdiction over any and all potential State law claims pursuant to Title 28 U.S.C. § 1367(a).

4. All of the actions or omissions complained of herein have taken place within the jurisdiction of the United States District Court for Southern District of Florida and the subject facilities are located in Miami-Dade County, Florida. 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff, CARLOS BRITO, is an individual residing in Miami-Dade County, Florida. His home address is 8830 S.W. 123rd Court, Apt., # I-208, Miami, Florida 33186.

6. Plaintiff, CARLOS BRITO, is *sui juris*, and qualifies as an individual with a disability as defined by the ADA, being he is a paraplegic. Plaintiff relies on a wheelchair to ambulate and has limited use of his hands. He is limited in one or more of life's major activities, including but not limited to walking, standing, grabbing, and grasping.

7. Plaintiff, CARLOS BRITO, travels throughout Miami-Dade, in his capacity as an ADA tester, and as a patron.

8. Plaintiff, CARLOS BRITO is an uber driver. In his capacity as an Under driver, Plaintiff frequently and often travels in Miami-Dade to pick up and drop off passengers, to eat and to shop and to take advantage of all the activities offered in the area.

9. The ADA violations set forth herein, have endangered Plaintiff's safety, and will in the future continue to endanger his safety, until the barriers are corrected.

10. Defendants, CARLOS GIL JR., and MARIA ELENA GIL, own property jointly, which is located at 151 N.W. 37th Avenue, Miami, Florida 33125.

11. Defendant, CARLOS GIL JR., is a resident of the State of Florida, is *sui juris*, owns commercial property in the State of Florida, and transacts business in the State of Florida.

12. Defendant MARIA ELENA GIL, is a resident of the State of Florida, is *sui juris*, owns commercial property in the State of Florida, and transacts business in the State of Florida.

13. CARLOS GIL JR., and MARIA ELENA GIL, (hereinafter referred to as "MR. and MRS. GIL"), are the owner and/or lessor and/or operator of the commercial facility located at 151 N.W. 37th Avenue, Miami, Florida 33125 (hereinafter referred to as "151 N.W. 37th Avenue commercial facility", "commercial facility", or "facility").

14. Defendant, MIAMI FUNERAL SERVICES & CREMATORIES, INC., d/b/a National Funeral Homes, (hereinafter referred to as the "Defendant" or "MIAMI FUNERAL") (MIAMI FUNERAL and MR. and MRS. GIL are collectively referred to as "Defendants"), is the owner and/or lessor and/or operator of a funeral home known as National Funeral Homes located at 151 N.W. 37th Avenue commercial facility.

15. Defendant, MIAMI FUNERAL, is a Florida for profit Corporation, is authorized to, and does, transact business in the State of Florida.

16. Plaintiff plans to return to the subject commercial facility but has encountered barriers violating the ADA, and its corresponding sections of the American With Disabilities Act Accessibility Guidelines (hereinafter "ADAAG").

## GENERAL FACTS

17. On January 21, 2021, Plaintiff, visited National Funeral Homes located at 151 N.W. 37th Avenue commercial facility.

18. Plaintiff has a realistic, credible, existing and continuing threat of discrimination form the Defendants' non-compliance with the ADA with respect to the property as described. Plaintiff has reasonable cause to believe he will continue to be subjected to discrimination in violation of the ADA by the Defendants.

19. Plaintiff desires to have access to places of public accommodations in order to enjoy the full and equal enjoyment of the facilities as that of an able-bodied person. Plaintiff as an

ADA tester accomplishes this goal by visiting the location, engaging and observing all of the illegal barriers to access, or at least those he is able to observe or access. Plaintiff intends to visit the 151 N.W. 37th Avenue commercial facility and the National Funeral Homes to verify compliance or non-compliance with the ADA.

20. Defendants have discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the building, as prohibited by 42 U.S.C. § 12182 *et seq.*, as described in paragraphs 22 and 25 of this Complaint.

21. Plaintiff was not able to, and still cannot, access significant portions of the 151 N.W. 37th Avenue commercial facility, or avail himself of the various goods and services Defendant, MR. and MRS. GIL, otherwise offer to able-bodied individuals.

22. A preliminary inspection of the 151 N.W. 37th Avenue commercial facility shows that violations exist. These violations that Plaintiff has personally encounter or observed include, but are not limited to:

## PARKING

a. The plaintiff had difficulty accessing the facility as the designated accessible parking area is located too far from the facility entrance. Violation: Some of the accessible parking spaces are not dispersed and located closest to the accessible entrances, violating Section 4.6.2 of the ADAAG; and

## ENTRANCE ACCESS AND PATH OF TRAVEL

b. The plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards; and

    c. The plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, and

    d. There are protruding objects on the path of travel at the facility that present a hazard of colliding with them, violating Section 4.4.2 of ADAAG and Section 307.4 of the 2010 ADA Standards.

23.   The Defendants, MR. and MRS. GIL, engages in a policy and/or procedure of failing to maintain in operable working conditions those features of the commercial facility, as identified in paragraphs 22 (a)-(d), in violation of 28 C.F.R. § 36.211.

24. Plaintiff was not able to, and still cannot, access significant portions of the funeral home known as National Funeral Homes, or avail himself of the various goods and services Defendant, MIAMI FUNERAL, otherwise offers to able-bodied individuals.

25. A preliminary inspection of the National Funeral Homes shows that violations exist. These violations that Plaintiff has personally encounter or observed include, but are not limited to:

## PUBLIC RESTROOM(S)

    a. There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards; and

    b. The plaintiff had difficulty using the doorknob on the restroom door without assistance, as it requires tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards; and

    c. The plaintiff could not exit the restroom without assistance, as the required maneuvering clearance is not provided. Violation: The restroom door does not provide the required latch side

      clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards; and

  d. The plaintiff could not use the lavatory without assistance, as the required knee & toe clearances are not provided. Violation: There are lavatories in public restrooms without the required clearances provided, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 306 and 606.2 of the 2010 ADA Standards; and

  e. The plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards; and

  f. The plaintiff could not transfer to the toilet without assistance, as the grab bars are missing. Violation: The grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Section 4.17.6 of the ADAAG and Sections 604.5 and 609 of the 2010 ADA Standards; and

  g. The plaintiff could not transfer to the toilet without assistance, as wall to floor grab bar obstructed the clear floor space. Violation: The required clear floor space is not provided next to the toilet in the accessible toilet compartment, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards; and

  h. The plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet in the accessible toilet compartment is mounted at a non-compliant distance from the wall in violation of Section 4.17.3 and Figure 30(a) of the ADAAG and Section 604.2 of the 2010 ADA Standards; and

  i. The plaintiff could not enter the restroom without assistance, as the door width is too narrow. Violation: The clear width at restroom doors is less than the prescribed minimums violating Section 4.13.5 of the ADAAG and Section 404.2.3 of the 2010 ADA Standards.

26. The Defendant, MIAMI FUNERAL, engages in a policy and/or procedure of failing to maintain in operable working conditions those features of the commercial facility, as identified in paragraphs 25 (a)-(i), in violation of 28 C.F.R. § 36.211.

27. Due to the architectural barriers encountered, all areas of the premises were not experienced or observed by Plaintiff. Therefore, the above lists of ADA violations are not to be considered all-inclusive. A *complete* list of violations at the commercial facility and the place of public accommodation, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives.[1]

28. Correcting each of the barriers in paragraphs 22 (a) through (d) of this Complaint are readily achievable.

29. Correcting each of the barriers in paragraphs 25 (a) through (i) of this Complaint are readily achievable.

30. All of the barriers identified in paragraphs 22 and 25 are also violations of the 1991 American with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

31. The barriers prevent and deter Plaintiff from returning to the subject commercial facility and the place of public accommodation to enjoy the goods and services available to the public.

32. Plaintiff has been denied access to, and has been denied the benefits of, services, programs and activities of the subject commercial facility and the place of public

---

[1] Rule 34 of the Federal Rules of Civil Procedure.

accommodation, and has otherwise been discriminated against and damaged because of Defendants' existing ADA violations, including, but not limited to, those set forth herein.

33. The violations set forth herein infringe on Plaintiff's right to travel free of discrimination.

**COUNT I**
**AMERICANS WITH DISABILITIES ("ADA")**
**ACTION FOR INJUNCTIVE RELIEF**

34. This action arises pursuant to Title 42 U.S.C. § 12181, *et seq.* ("Americans with Disabilities Act").

35. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 34 of this Complaint as if fully stated herein.

36. At all times relevant to this action, the ADA, 42 U.S.C. § 12101, *et seq.,* was in full force and effect and applies to Defendants' conduct or omissions thereof.

37. At all times relevant to this action, the United States Department of Justice regulations implementing Title III of the ADA, 28 C.F.R Part 36, were in full force and effect and applied to the Defendant's conduct.

38. The objective of the ADA is to eliminate discrimination against individual with disabilities. Section 302(a) of the ADA, 42 U.S.C. § 12182(a), prohibits discrimination "on the basis of disability in the full and equal of goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

39. Section 302(b) (2) (A) (iii) of the ADA, 42 U.S.C. § 12182(b) (2) (A) (iii), provides that discrimination under the ADA further includes "the failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated

or otherwise treated differently than other individuals because of the absence of auxiliary aids and services" as defined under § 12102 of the ADA.

40. 28 CFR § 36.211 requires accessible elements to be maintained in accordance with the 2010 Americans with Disabilities Act Accessibility Standards.

41. It is therefore necessary to implement and adhere to a policy and procedure whereby all accessible features are properly maintained, kept in proper location, working order and remain compliant.

42. At all times relevant to this action, Plaintiff is a qualified individual with a disability within the meaning of Title III of the ADA, 42 U.S.C. § 12102.

43. At all times relevant to this action, Defendants commercial facility and the tenant spaces are places of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181 and 28 CFR § 36.104.

44. Defendants have deprived Plaintiff the equal opportunity to freely travel without fear of being subjected to discrimination by maintaining a public accommodation with ADA violations and failing to remove such barriers existing therein.

45. Defendants are discriminating against the Plaintiff by denying him access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the premises, as prohibited by 42 U.S.C. § 12182 *et seq.*, and by failing to remove architectural barriers as required by the ADA.

46. Defendants, through the actions outlined above, are denying the Plaintiff the opportunity to participate or benefit from the services, facilities, and accommodations provided by Defendants. 42 U.S.C. §12182; 28 C.F.R. § 36.202.

47. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. By failing to remove the barriers described in paragraphs 22 and 25, Defendants are preventing Plaintiff from being a productive member of society. The accessibility guidelines implemented by the U.S. government ensures that every member of our society will be able to live and produce to the best of their abilities.

48. A remedy in equity is warranted, and the public interest would be served by an injunction to prevent ongoing discrimination based on disability under the ADA in the event the Defendants fail to remove the barriers and bring the 151 N.W. 37th Avenue commercial facility and National Funeral Homes into compliance with the ADA.

49. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been alteration to Defendants' places of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facilities are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants facilities is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

50. Notice to Defendants are not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $50,000.00 or less).

51. All other conditions precedent have been met by Plaintiff or waived by the Defendants.

52. The Plaintiff demands a non-jury trial on all issues to be tried herein.

53. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay his counsel reasonable attorneys' fees, including costs and expenses incurred in this action.   Plaintiff is entitled to recover those attorneys' fees, costs and litigation expenses from the Defendants.

54. Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiff's injunctive relief including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and/or closing the subject facilities until the requisite modifications are complete.

**WHEREFORE**, Plaintiff respectfully requests:

A. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*;

B. Injunctive relief against the Defendants, CARLOS GIL JR., an Individual, MARIA ELENA GIL, an Individual, and MIAMI FUNERAL SERVICES & CREMATORIES, INC., d/b/a National Funeral Homes, including an Order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual

with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absences of auxiliary aids and services;

    C.    Award Plaintiff his reasonable attorney fees, costs and litigation expenses incurred in this action pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505;

    D.    Any such other and further relief as this Court may deem proper and just under the circumstances and allowable under Title III of the American with Disabilities Act.

Dated: July 28, 2021

Respectfully submitted,

By: /S/ Camilo F. Ortega
Camilo F. Ortega, Esq.,
Florida Bar No.: 0075387
ORTEGA LAW GROUP, P.A.,
**REGENCY SQUARE**
2440 SE FEDERAL HIGHWAY
SUITE M
STUART, FLORIDA 34994
Ph: (786) 452-9709
Fax: (713) 246-7914
E-Mail: camilo@ortegalawgroup.com
Service by E-Mail:
attorneyservice@ortegalawgroup.com